Kenneth C. KING, Jr., Administrator of the Estate of Adlai Albert HUFFMAN, Deceased, Plaintiff,

v.

The FIRST NATIONAL BANK OF LURAY, VIRGINIA, et al., Defendants.

Civ. A. No. 73–C–36–R.

United States District Court, W. D. Virginia, Roanoke Division.

July 1, 1973.

Kenneth C. King, Jr., Roanoke, Va., for plaintiff.

Ronald D. Hodges, Asst. U. S. Atty., Roanoke, Va., for defendants.

## OPINION and JUDGMENT

DALTON, Chief Judge.

Adlai Albert Huffman died intestate on August 26, 1971 and was possessed of a certain tract of land in Page County. The plaintiff in this suit is the administrator of the estate of the deceased.

On the date of his death the deceased had several outstanding claims against him and liens against his property by various creditors. One such creditor was the United States. Because the deceased had been assessed back taxes for the years 1964–1970, the United States by reason of 26 U.S.C. § 6321 had a lien against all the property of the deceased on the date of his death. These liens had been properly filed and amounted to $4,936.49 plus accrued interest and penalties.

The purpose of this suit is to sell all the real estate owned by the deceased and to apply the proceeds from such sale to the outstanding debts of the deceased. The suit was originally commenced in the Law and Chancery Court of the City of Roanoke. Because the United States was made a party defendant, however, the case was removed to this court pursuant to 28 U.S.C. § 1442.

The United States has filed a motion to dismiss this suit because of sovereign immunity. It contends that because there has been no waiver of sovereign immunity in this type of suit, this court lacks jurisdiction over the case.

While the court is somewhat puzzled by this motion considering the fact

that the United States removed the case to this court and that it can only benefit from a sale of the land, it finds that this motion is without merit because the present case does not really present a question of sovereign immunity. While the United States is listed as a defendant, it is a defendant only in a technical and procedural sense, for it is not threatened with any potential liability to the plaintiff. This suit was commenced not because of some act of omission or commission by the United States, but to bring together all known creditors of the deceased so that his lands may be sold and his debts paid. Thus the United States is not in any real sense a defendant against whom liability may attach. The motion to dismiss is therefore overruled.

Because of the total amount of all the outstanding debts against the deceased there is some question as to whether his property will be sufficient to pay them all. 31 U.S.C. § 191 states:

. . . whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied. . .

█ The court is advised that the indebtedness due the United States is $4,-936.49 plus accrued interest and penalties, but this figure is subject to proof as to its correctness. This court is of the opinion that the debt due the United States would be a prior claim on the assets of the estate, but the amount and priority of all claims should be determined by the State Court, where creditors suits of this nature are customarily handled. The removal to the Federal Court was done only because the United States is a creditor, but the rights of the United States, as well as the rights of all claimants, can approximately be determined in the State Court.

Wherefore, this case is remanded to the Law and Chancery Court of the City of Roanoke, Virginia, for its consideration and determination of the rights of all proper parties.