# CIRCUIT COURT OF THE CITY OF NORFOLK

Robert Stackhouse,
administrator
of the estate of
Rosalyn H. Morgan

v.

Morgan et al.

December 18, 2000

Case No. (Chancery) CH99-1410

BY JUDGE JOHN C. MORRISON, JR.

This matter comes before the Court on the United States's Motion to Dismiss the Internal Revenue Service ("IRS") as a party to the proceeding in the above-captioned case. Plaintiff, Robert Stackhouse, is the administrator of the estate of Rosalyn H. Morgan. Plaintiff filed an action in this Court in chancery seeking "aid and direction" for the proper distribution of decedent's estate. The conflicting claims arose because of a dispute concerning whether William Allen Morgan, decedent's son and first named beneficiary, is alive or not. If he is dead, the property of the estate goes to other beneficiaries. The IRS has a tax lien on William Morgan's property and since there is a dispute as to whether or not any property actually goes to William Morgan, the IRS is in effect a mere potential beneficiary. The United States filed a Motion to Dismiss based on sovereign immunity. The plaintiff opposes this motion and asserts that this case is not a case where the government is actually being sued and therefore the purposes of sovereign immunity do not apply.

The United States is presently seeking to assert that it should be removed from this suit because it is sovereignly immune. Plaintiff contends that the United States should remain in the suit since it is not being sued in the technical sense. The purpose of sovereign immunity is to protect the United States as a sovereign from unlimited liability for its or its agents' and

employees' actions. The doctrine rests upon reasons of public policy, the inconvenience and danger that would follow from a different rule. *Brown v. Secretary of the Army*, 78 F.3d 645, 648 (1996). Sovereign immunity is jurisdictional in nature. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The United States is immune from suit absent some waiver of that immunity. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Federal Deposit*, 510 U.S. at 475. Further, any statute waiving sovereign immunity must be strictly construed and read no more broadly than its terms require. *Brown*, 78 F.3d at 648.

Plaintiff relies on *King v. First National Bank of Luray*, 360 F. Supp. 501 (1973). In *King*, the plaintiff was the administrator of the estate of a deceased. 360 F. Supp. at 501. The deceased had outstanding claims against him and liens on his property. One such creditor/lienholder was the United States, who was named as a defendant so that the property could be distributed accordingly. *Id.* The United States filed a motion to dismiss because of sovereign immunity. It contended that, since there had been no waiver of immunity, the court lacked jurisdiction to hear the case. *Id.* The Court held otherwise and did not dismiss the United States as a party. *Id.* The Court stated: "While the United States is listed as a defendant, it is a defendant only in a technical and procedural sense, for it is not threatened with any potential liability to the plaintiff. The suit was commenced not because of some act of omission or commission by the United States, but to bring together all known creditors of the deceased so that his lands may be sold and his debts paid." *Id.* at 502. In the case at bar, the plaintiff argues that the United States is in a similar situation as in *King* and the practical nature of that decision should weigh against granting immunity.

The United States argues that there is a crucial distinction between *King* and the present case. In *King*, the tax lien at issue was against the decedent personally and thus against the decedent's assets. 360 F. Supp. at 501. Here, the United States argues that the tax lien is against the decedent's son who is only a *potential* distributee of the decedent's assets. Unless and until the son is determined to have survived the mother, there has been no waiver of immunity.

Although practicality would dictate that the IRS remain as a party, the Court reluctantly holds that the United States is correct in this situation and the IRS must be dismissed from this case.